**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>KEVIN M. THURMON,<br><br>       Defendant. | No. CR02-1017-LRR<br><br>**ORDER** |

This matter is before the court pursuant to the defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) (docket no. 288). The defendant filed such motion on January 19, 2012.

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). Given the record, the court concludes that it need not appoint counsel or conduct a hearing with respect to the defendant's motion under

18 U.S.C. § 3582(c)(2). *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (concluding that there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c) and finding that a judge need not hold a hearing on a motion pursuant to 18 U.S.C. § 3582(c)); *see also* Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding that involves the reduction of a sentence under 18 U.S.C. § 3582(c)).

Amendment 750 (Parts A and C only) amends USSG §1B1.10. On June 30, 2011, the Sentencing Commission unanimously voted to apply Amendment 750 (Parts A and C only) retroactively to cocaine base ("crack") offenses, and it set November 1, 2011 as the date that Amendment 750 (Parts A and C only) could be applied retroactively. Part A amended the Drug Quantity Table in USSG §2D1.1 for crack offenses and made related revisions to Application Note 10 to USSG §2D1.1. Part C deleted the cross reference in USSG §2D2.1(b) under which an offender who possessed more than 5 grams of crack was sentenced under USSG §2D1.1.

USSG §1B1.10, in relevant part, states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); *see also* USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). The Sentencing Commission included Amendment 750 (Parts A and C only) within subsection (c). USSG §1B1.10(c).

Nevertheless, the court is unable to rely on Amendment 750 (Parts A and C only) to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. *See generally United States v. Curry*, 584 F.3d 1102, 1104 (8th Cir. 2009) (discussing *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997)) (explaining requirements under USSG §1B1.10(b)). When the defendant was sentenced in 2003, the court determined the defendant's guideline range to be 210 to 262 months of imprisonment based on a total adjusted offense level of 32 and a criminal history category of VI.[1] The court sentenced the defendant to 210 months on Count 4 of the Indictment. In 2008, the court applied Amendments 706 and 715 to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. Based on Amendments 706 and 715, the court determined the defendant's amended guideline range to be 168 to 210 months based on a total adjusted offense level of 30 and a criminal history category of VI.[2] Accordingly, the court reduced the defendant's sentence to 168 months, which was the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10.

Amendment 750 does not have the effect of further lowering the defendant's guideline range. The defendant's total adjusted offense level is still a level 30, which results in a guideline range of 168 to 210 months.[3] Because the applicable guideline range is the same as the 2008 guideline range, the defendant is not entitled to a further reduction

---

[1] At the time of the defendant's sentencing, the court applied the 2002 Sentencing Guidelines. The court held the defendant accountable for 32.4 grams of crack. A level 28, at that time, included at least 20 grams but less than 35 grams of crack. The court added two levels under USSG §2D1.2(a)(1) because the distribution occurred within 1,000 feet of the real property comprising a school. The court also added two levels under USSG §3C1.1 for obstruction of justice. Thus, the court determined that a total adjusted offense level of 32 applied.

[2] Pursuant to Amendments 706 and 715, a level 26 included at least 20 grams but less than 35 grams of crack.

[3] A level 26 now includes at least 28 grams but less than 112 grams of crack.

of his 168 month sentence. *See* USSG §1B1.10(a)(2)(B) ("A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."); USSG §1B1.10, comment. (n.1) (making clear that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range); *see also United States v. Roa-Medina*, 607 F.3d 255, 260-61 (1st Cir. 2010) (holding that a sentence reduction under 18 U.S.C. § 3582(c)(2) was not available because the amendment does not have the effect of lowering the defendant's applicable guideline range); *United States v. Spells*, 322 Fed. App'x 171, 173 (3d Cir. 2009) (rejecting the argument that a decrease in the base offense level gave the district court authority to reduce a sentence when there was no change in the applicable sentencing range); *United States v. Lindsey*, 556 F.3d 238, 242-46 (4th Cir. 2009) (concluding that the defendant could not rely on 18 U.S.C. § 3582(c)(2) because the amendment does not have the effect of lowering the applicable guideline range); *United States v. Caraballo*, 552 F.3d 6, 10-12 (1st Cir. 2008) (holding that a defendant must establish that an amended guideline has the effect of lowering the sentencing range actually used at his or her sentencing in order to engage the gears of 18 U.S.C. § 3582(c)(2)); *United States v. McFadden*, 523 F.3d 839, 840-41 (8th Cir. 2008) (concluding that, unless the applicable sentencing range changes, a reduction in the base offense level does not allow for a sentence reduction); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (finding that, although the amendment did lower the defendant's offense level, the district court did not err when it summarily denied the defendant's motion under 18 U.S.C. § 3582(c)(2) because the amended guideline range remained the same). Accordingly, the court concludes that a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 is not warranted.

The defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) (docket no. 288) is denied. The clerk's office is directed to provide a copy of this order to the United States, the defendant and the Federal Public Defender.

**IT IS SO ORDERED**.

**DATED** this 3rd day of February, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA